**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1643
_____

KAROLINA KARPOV,
                              Appellant

v.

VLADIMIR KARPOV; SVETLANA KARPOV
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 12-cv-01411)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2014

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2014)
_____

OPINION
_____

PER CURIAM

        In May 2012, Karolina Karpov ("Karolina") commenced an action in the United

States District Court for the Southern District of New York against her adoptive parents,

Vladimir Karpov ("Vladimir") and Svetlana Karpov ("Svetlana") (or together "the

Karpovs") alleging that Vladimir sexually abused her when she was a minor and that Svetlana beat her for complaining about the abuse. The complaint raised claims of assault, battery, and various other torts.[1] Karolina sought monetary damages from the Karpovs. Thereafter, the Karpovs filed a motion to dismiss the complaint. The United States District Court for the Southern District of New York granted the motion to dismiss insofar as the Karpovs sought a declaration that the District Court lacked personal jurisdiction over defendants, denied the motion insofar as it sought dismissal of the complaint, and directed the Clerk of Court to transfer the case to the United States District Court for the District of Delaware, where it remains pending.

Karolina filed two motions for a preliminary injunction, both of which sought an order from the District Court directing Svetlana not to transfer any of the Karpovs' property, including certain real estate. Karolina argued that because she is likely to prevail on her claims against the Karpovs, if the Karpovs are permitted to transfer their property before judgment is entered, she will not be able to collect on the judgment.

Upon review, the District Court denied Karolina's motions for a preliminary injunction. Citing Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 333 (1999), the District Court determined that it lacked the authority to grant the relief that Karolina requested under these circumstances.[2] Alternatively, the District

---

[1] Vladimir was convicted in state court on charges of abuse against Karolina. It appears that he is still incarcerated as a result of those convictions.

[2] In Grupo Mexicano, the Supreme Court held that an injunction freezing assets cannot be

Court determined that even if it had the authority to grant the relief Karolina requested, she failed to satisfy the legal standard for issuance of a preliminary injunction. Specifically, Karolina was unable to demonstrate that she will suffer immediate irreparable injury absent injunctive relief. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). Our standard of review is narrow. Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009). "Unless an abuse of discretion is 'clearly established, or an obvious error has ocurred [sic] in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct.'" Id. (citations omitted).

As recognized by the District Court, in determining whether a preliminary injunction should be issued, a court must consider the likelihood that the moving party will succeed on the merits, the extent to which the moving party will suffer irreparable harm if an injunction is not granted, the extent to which the nonmoving party will suffer irreparable harm if an injunction is issued, and the public interest. Id.

We agree with the District Court that even assuming that it had the authority to grant the relief Karolina requested, she failed to satisfy the standard for issuance of a preliminary injunction. Karolina has not provided any information to suggest that she will be placed in danger of immediate harm should the Karpovs transfer their property.

---

entered in an action for damages where no lien or equitable interest in the assets is claimed. 527 U.S. at 332-33.

3

See Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980) (risk of irreparable harm means clear showing of immediate irreparable injury or presently existing actual threat).[3]  Further, even if Karolina ultimately prevails on her claims against the Karpovs, she has not demonstrated that the Karpovs will be unable to satisfy the judgment from the sale of their home, or via other personal assets.

As Karolina has the burden to establish every element of the four-part test for determining whether a preliminary injunction should be granted, her failure to show immediate irreparable injury alone establishes that she is not entitled to a preliminary injunction.  See Duraco Products, Inc. v. Joy Plastic Enterprises, 40 F.3d 1431, 1438 (3d Cir. 1994).  Accordingly, we affirm the judgment of the District Court.[4]

---

[3] We note that it is entirely speculative that the Karpovs will, in fact, transfer their property as Karolina suggests.

[4] The District Court's order also denies various other motions filed by Karolina, including a motion to compel the Delaware Department of Justice to produce certain documents. We do not have jurisdiction under § 1292(a)(1) to review those other orders at this time.